UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEN WIWA, *et al.*,<br><br>                                    Plaintiffs,<br><br>– against –<br><br>ROYAL DUTCH PETROLEUM COMPANY, *et al.*,<br><br>                                    Defendants. | 96 Civ. 8386 (KMW)(HBP) |
| KEN WIWA, *et al.*,<br><br>                                    Plaintiffs,<br><br>– against –<br><br>BRIAN ANDERSON,<br><br>                                    Defendant. | 01 Civ. 1909 (KMW)(HBP) |
| ESTHER KIOBEL, *et al.*,<br><br>                                    Plaintiffs,<br><br>– against –<br><br>ROYAL DUTCH PETROLEUM COMPANY, *et al.*,<br><br>                                    Defendants. | 02 Civ. 7618 (KMW)(HBP) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' LOCAL RULE 6.3 MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 2, 2009 ORDER

Rory O. Millson
Rowan D. Wilson
Thomas G. Rafferty

CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for defendants Shell Petroleum, N.V., as successor to the Royal Dutch Petroleum Company; Shell Transport and Trading Company, Ltd., formerly The "Shell" Transport and Trading Company, p.l.c.; and Brian Anderson*

Date: March 13, 2009

Defendants respectfully submit this timely motion for reconsideration pursuant to Local Rule 6.3 to set forth "matters . . . which counsel believes the court has overlooked" in issuing the March 2, 2009 Order relating to documents on payments to witnesses.[1]

The Court's March 2, 2009 Order compels plaintiffs to produce less-redacted copies of documents evidencing payments to witnesses. (3/2/09 Order 3.) Defendants seek reconsideration of two aspects of this Order.

*First*, the Court's March 2, 2009 Order regarding payments documents is unduly narrow in that it does not order the production of documents beyond those in the actual possession of plaintiffs' counsel. Magistrate Judge Pitman's May 13, 2004 Order "requires Plaintiffs and their counsel to produce to Defendants 'all documents in their possession, custody or control concerning any payments, reimbursements of expenses or prepayment of expenses to or for the benefit of the witnesses to be deposed in Benin'". (3/2/09 Order 2 (quoting 5/13/04 Order 2); *see also* 2/17/09 Order (ordering production of payments documents pursuant to the May 13, 2004 Order).) There was no limitation in Magistrate Judge Pitman's Order—or defendants' underlying document request[2]—to the documents in counsel's files. Rather, all payments documents in plaintiffs and their counsel's possession, custody and control were called for: "*plaintiffs* and *their counsel*

---

[1] The only remaining motion regarding payments to witnesses or potential witnesses is Shell Transport and Trading's Motion to Compel *Kiobel* Plaintiffs' Responses to Interrogatories. (*Wiwa* Docket Nos. 229, 230, 231, 242.)

[2] Defendants' document request specifically asked for "[a]ll documents concerning any contractual or financial arrangements between or among any plaintiff and any other persons or entities relating to this lawsuit or the matters raised therein". (11/7/08 Millson Certification, ¶ 4 (quoting Request No. 21).)

are to produce . . . *all documents in their possession, custody or control concerning any payments*". (5/13/04 Order 2 (emphasis added).) This Court recently articulated the correct standard for determining the existence of possession, custody or control and applied it appropriately to NUOS. (2/17/09 Order 6-8.) The application of this definition would require plaintiffs to produce MPTC documents in response to Magistrate Judge's Order. Plaintiffs never disputed that MPTC was subject to plaintiffs' control at the time defendants' requests were served. Indeed, plaintiffs conceded that MPTC, and Keith Mabray of MPTC, were plaintiffs' agents and that Mr. Mabray's documents were responsive to the Magistrate Judge's May 13, 2004 Order. (11/7/08 Millson Certification ¶ 12 & Exs. F, G.) Plaintiffs should have produced these in response to defendants' document demand and the Magistrate Judge's Order. This Court's ruling enforcing that Order should not have been confined to the specific redacted documents that were in the physical possession of plaintiffs' counsel.

*Second*, the Court stated that it reviewed responsive payments documents "to ascertain whether, as Plaintiffs' contend, it was protected work product" and that "to the extent that the Court deemed any responsive, but redacted, text to be work product, it protect[ed] against disclosure". (3/2/09 Order 2 (quotation omitted).) Defendants are unaware, however, of any instance where plaintiffs argued that their redactions of these documents was justified on the grounds of work product. To the contrary, at the time of production plaintiffs' explanation for the redaction of these documents was that "All the redactions from these documents are of non-responsive materials". (6/28/04 Reynolds Decl. Ex. TT (5/14/04 Letter from S. Whinston to R. Millson).) Indeed, at the May 12, 2004 hearing, counsel for *Kiobel* plaintiffs agreed with Magistrate Judge Pitman's

2

statement that "I am hard pressed to see how a payment to a witness is work product". (Reynolds Decl. Ex. U (5/12/2004 Hr'g Tr. 29).) To the extent a new argument was contained in "Plaintiffs' Basis for Continued Redaction of Portions of Documents Submitted to the Court for *In Camera* Review" that was submitted to the Court *ex parte* on October 28, 2008, defendants had no opportunity to respond to any such argument. In any event, plaintiffs cannot shield documents relating to payments to witnesses under cover of work product protection simply by having their counsel place the payor on counsel's payroll. We believe that the documents should be produced without redactions.

Thus, defendants request the Court grant this motion for reconsideration and order (1) *Kiobel* plaintiffs to produce all documents relating to payments to witnesses, including those by MPTC, and (2) that all payments documents already produced be unredacted in full.

March 13, 2009

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

by _____
Rory O. Millson
Rowan D. Wilson
Thomas G. Rafferty

825 Eighth Avenue
New York, NY 10019
(212) 474-1000
rmillson@cravath.com
rwilson@cravath.com
trafferty@cravath.com

*Attorneys for defendants Shell Petroleum, N.V., as successor to the Royal Dutch Petroleum Company; Shell Transport and Trading Company, Ltd., formerly The "Shell" Transport and Trading Company, p.l.c.; and Brian Anderson*

4